**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES VAVRA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HONEYWELL INTERNATIONAL INC., a ) <br> Delaware corporation, d/b/a HONEYWELL ) <br> INTELLIGRATED, ) <br> ) <br> Defendant. ) | Case No. l:21-cv-06847 <br><br> Honorable Jorge L. Alonso <br><br> Magistrate Judge Heather K. McShain |

# EXHIBIT A

# to

# Agreed Motion for Entry of Agreed Confidentiality Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES VAVRA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. l:21-cv-06847 |
| | ) | |
| v. | ) | Honorable Jorge L. Alonso |
| | ) | |
| HONEYWELL INTERNATIONAL INC., a | ) | Magistrate Judge Heather K. McShain |
| Delaware corporation, d/b/a HONEYWELL | ) | |
| INTELLIGRATED, | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, **IT IS ORDERED:**

**1.** **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099

[Annotation: The proposed addition is aimed at streamlining the process of labeling confidential documents.]

forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

   3.   **Designation.**

   **(a)**   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

   **(b)**   The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

**4.     Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following:  No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.     Protection of Confidential Material.**

   **(a)     General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  [INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.]

   **(b)     Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

   **(1)     Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

    **(2)**  **Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    **(3)**  **The Court and its Personnel;**

    **(4)**  **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

    **(5)**  **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    **(6)**  **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(7)**  **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    **(8)**  **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

    **(9)**  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    **(c)**  **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

  **6.**  **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony

as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure so to designate was inadvertent and where the material is subsequently designated Confidential Information.

**7.** **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

**8.** **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9.** **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)** **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party

5

an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

      **(b)** **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

    **10.** **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    **11.** **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.     Confidential Information Subpoenaed or Ordered Produced in Litigation.**

**(a)**     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.     Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14.        Obligations on Conclusion of Litigation.**

(a)        **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)        **Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" <ins>or "CONFIDENTIAL"</ins> under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)        **Retention of Work Product and One Set of Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)        **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

DATED: August ___, 2022.        ENTERED:

                                  _____
                                  Honorable Judge Jorge L. Alonso

**WE SO MOVE and agree to abide by the terms of this Order:**

Dated: August 16, 2022.

By: /s/ Alec J. Beck (*with consent*)
    One of the Attorneys for Plaintiff
    **CHARLES VAVRA**

John W. Mauck
Whitman H. Brisky
Andrew S. Willis
**MAUCK & BAKER, LLC**
One North LaSalle Street, Suite 600
Chicago, IL 60602
Telephone: 312.726.1243
*jmauck@mauckbaker.com*
*wbrisky@mauckbaker.com*
*awillis@mauckbaker.com*

Alec J. Beck
**PARKER DANIELS KIBORT**
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
Telephone: 612.355.4100
*beck@parkerdk.com*

Douglas P. Seaton
James V. F. Dickey
**UPPER MIDWEST LAW CENTER**
8421 Wayzata Boulevard, Suite 300
Golden Valley, MN 55426
Telephone: 612.428.7002
*doug.seaton@umlc.org*
*james.dickety@umlc.org*

By: /s/ Sam Sedaei
    One of the Attorneys for Defendant
    **HONEYWELL INTERNATIONAL, INC.**

Jennifer Colvin (ARDC No. 6274731)
Sam Sedaei (ARDC No. 6317657)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: 312.558.1220
*jennifer.colvin@ogletree.com*
*sam.sedaei@ogletree.com*

# **ATTACHMENT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES VAVRA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. l:21-cv-06847 |
| | ) | |
| v. | ) | Honorable Jorge L. Alonso |
| | ) | |
| HONEYWELL INTERNATIONAL INC., a | ) | Magistrate Judge Heather K. McShain |
| Delaware corporation, d/b/a HONEYWELL | ) | |
| INTELLIGRATED, | ) | |
| | ) | |
| Defendant. | ) | |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated August ___, 2022 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

**Name:** _____

**Title:** _____

**Business Address:** _____

_____

**Date:** _____      **Signature:** _____